UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

WAYNE SHAW,

                   Plaintiff,

    - against -

NO PARKING TODAY INC.,

                  Defendant.

-------------------------------------------------------x

Docket No.: 06 Civ. 5009

**ECF CASE**

# COMPLAINT

**PLAINTIFF DEMANDS
A JURY TRIAL**

Plaintiff, WAYNE SHAW, by his attorneys, GOODSTEIN & WEST**,** complaining of the Defendant, allege as follows:

1. This is an action to remedy the failure of Defendant to properly pay Plaintiff overtime at the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as amended, 29 USC §201 *et seq.*  Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair Labor Standards Act, by 28 USC §1331, as this action arises under the laws of the United States, and by 28 USC §1337, as this action arises under Acts of Congress regulating commerce.   Additionally, under the principle of pendent jurisdiction, Plaintiff claims failure of Defendant to pay wages due and owing, pursuant to the New York State Labor Law §190 *et seq.*, and  §652(1); and for failure to pay Plaintiff overtime at the rate of time-and-a-half as required by 12 NYCRR  §142-2.2.

## PARTIES

2. Plaintiff, WAYNE SHAW, (hereinafter "SHAW") is a resident of the County of the Bronx, and the State of New York.

3. Defendant NO PARKING TODAY INC. (hereinafter "NO PARKING"), on information and belief is a New York corporation with offices located at 1228 Southern Boulevard, Bronx, New York 10459.  Defendant is an employer engaged in interstate

commerce, and subject to the Fair Labor Standards Act (29 USC §201 *et seq.*) and to the New York State Labor Law (Labor Law §§190 *et seq.*)(652(1)).

## FACTS

4. Plaintiff was hired by Defendant's predecessor Massive and Creative Inc., on or about November, 2005 at a salary of nine ($9.00) per hour. Plaintiff was employed by Defendant or its predecessor through June 7, 2006, when he resigned because his paycheck was dishonored.

5. Plaintiff held an hourly paid non-exempt position. His salary was $9.00 per hour.

6. Plaintiff was always required to work six (6) or seven (7) days a week, averaging more than 40 hours per week. Plaintiff worked between approximately 47-137 hours per week.

## AS AND FOR A FIRST CAUSE OF ACTION

7. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this Complaint as though fully set forth herein.

8. Although Plaintiff worked overtime during the period November 2005 through June 7, 2006 he did not receive overtime compensation for this period.

9. Plaintiff earned nine ($9.00) Dollars per hour during the time he was employed by Defendant or its predecessor.

10. Plaintiff received no compensation for the hours he worked over forty (40) per week.

11. Plaintiff did not receive overtime payment at the rate of time-and-a-half, in violation of the Fair Labor Standards Act, although he worked more than forty (40) hours per week.

12. Defendant's  failure to pay Plaintiff wages and overtime at the rate of time-

and-a-half was willful.

## AS AND FOR A SECOND CAUSE OF ACTION
### PENDENT CAUSE OF ACTION

13. From November 2005 through June 7, 2006, Plaintiff was denied overtime at the rate of time-and-a-half in violation of 12 NYCRR §142-2.2;

14. From November 2005 through June 7, 2006, Plaintiff was denied wage compensation for hours worked, in violation of Labor Law §190 *et seq*., and §652(1).  This violation was willful.

**WHEREFORE**, Plaintiff requests  this Court enter an Order in favor of Plaintiff and against Defendant:

**On The Fair Labor Standards Act Causes of Action**

1.  Declaring  Defendant violated the Fair Labor Standards Act (29 Code USC §201 *et seq*.) for the period between November 2005 through and including June 7, 2006;

2.  Declaring  Defendant's violation of the Fair Labor Standards Act was willful;

3.  Granting Plaintiff payment of his hourly wage for each and every hour worked during this periods;

4.  Granting Plaintiff time-and-a-half for each and every hour worked overtime during these periods;

5.  Granting Plaintiff an equal amount in liquidated damages for the period dating three (3) years before the filing of this Complaint; and

6.  Awarding Plaintiff his costs and reasonable attorneys' fees, together with such other and further relief as to the Court seems just and proper.

**On the New York State Labor Law Cause of Action**

7.  Declaring Defendant violated the New York State Labor Law and 12 NYCRR §142-2.2;

8.  Declaring that Defendant's violation of the New York State Labor Law and 12 NYCRR §142-2.2 was willful;

9.  Granting Plaintiff payment of his hourly wage for each and every hour worked during this periods;

10. Awarding Plaintiff for the period November 2005 through June 7, 2006, a payment for overtime at the rate of time and-a-half for working over forty (40) hours per week during the period;

11. Finding that Defendant's refusal to pay Plaintiff the required correct wages was willful, and awarding Plaintiff an additional amount as liquidated damages equal to twenty five (25%) percent of the total amount of wages found to be due; and

12. Awarding Plaintiff reasonable attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues properly before this Court and all questions of fact raised by this Complaint.

Dated: New Rochelle, New York
       June 27, 2006

Yours, etc.,

**GOODSTEIN & WEST**

By:_____/S/_____
**ROBERT DAVID GOODSTEIN (RDG 5443)**
*Attorneys for Plaintiff*
56 Harrison Street, Suite 401
New Rochelle, New York 10801
(914) 632-8382